CLIFF CREST CO., INC., Respondent, *v.* HARRY ALLEN ELY, Appellant.

Supreme Court, Appellate Term, First Department, March Term — Filed April, 1922.

**Landlord and tenant — action for rent — rental value fixed by judgment in prior action — plaintiff to recover an increased rent must plead and prove a change of conditions.**

At the opening of the trial of an action to recover rent for the month of October, 1921, in which the defendant pleaded the statutory defense and also the defense of *res adjudicata,* it was conceded that in a prior action between the same parties a judgment was rendered in favor of plaintiff, fixing the rental value of the premises at a less sum than that sued for in the present action. A motion to dismiss the complaint having been denied defendant took an exception and a verdict was rendered in favor of plaintiff for the full amount claimed. *Held,* that plaintiff in order to recover was not only bound to prove facts showing a change of conditions but under the statute (Laws of 1921, chap. 434, § 7) it was necessary for him to plead facts showing said change before he could remove the bar of the former judgment.

The statute being a remedial one, and, therefore, retrospective in its operations, applies to a prior judgment rendered during the period covered by the housing laws and the judgment herein will be reversed, with costs, and the complaint dismissed, with costs, but without prejudice to another complaint drawn in compliance with the statute.

APPEAL by defendant from judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district, in favor of plaintiff.

*Charles Marks,* for appellant.

*Sidney Nordlinger,* for respondent.

COHALAN, J. Plaintiff, landlord, sued to recover the sum of ninety dollars, the alleged reasonable rental value of the premises occupied by the defendant, tenant, for the month of October, 1921. The tenant pleaded the statutory defense; he also relied upon the defense of *res adjudicata* founded upon a judgment in favor of the plaintiff against the defendant in a prior action fixing the rental at seventy dollars a month; and at the opening of the trial, the prior action and adjudication being conceded, the defendant moved to dismiss the complaint on the ground that the landlord had failed to allege facts which had arisen since the period for which

the prior adjudication had been made affecting the rental value of the premises. The motion was denied over defendant's exception. The jury found in favor of the landlord for the amount claimed.

Chapter 136 of the Laws of 1920, as amended by Laws of 1921, chapter 434, section 7, provides that "Where there has been an adjudication of the reasonable rental value of premises, such adjudication shall determine and be binding in any subsequent action between the same parties involving the rental value of the same premises for a subsequent period, unless the plaintiff or the defendant, as the case may be, plead and prove facts which shall have arisen since the period for which the prior adjudication has been made, affecting the rental value of the premises."

In the situation presented the landlord was not only required to prove facts on the trial showing a change of conditions, but the legislative mandate made it necessary for him to plead facts showing such change before plaintiff could remove the bar of the former judgment. The object of the statute was to put an end to harassing suits and defenses brought and interposed since the housing congestion, by requiring the landlord to plead the facts upon which he relied as constituting a change of conditions existing during the period for which the prior recovery had been granted. The tenant is thus given an opportunity to prepare his evidence to meet the new issue, and the introduction of evidence to prove a change of conditions not pleaded, even though, as was done here, the landlord's pleading over exception was amended to conform to the proofs at the close of the plaintiff's case, is not a compliance with the statute. While a broad interpretation of the power of the lower court might give to it generally the power to thus allow the amendment, the direct declaration of the legislature in a law passed to meet a temporary emergency seems to compel a party in a case of this character to meet the letter as well as the spirit of the law and set out in his pleading the facts showing a change of conditions since the previous trial.

There is no merit in the point that the amendment has no application to a judgment entered before its enactment. Not only is the statute a remedial one and, therefore, retrospective in its operation, but it seems expressly applicable to a prior judgment rendered during the period covered by the housing laws.

It follows that the judgment must be reversed, with thirty dollars costs, and the complaint dismissed, with costs, without prejudice to an action upon a complaint drawn in compliance with the statute.

GUY and WAGNER, JJ., concur.

Judgment reversed.